# THOMAS M. BONA, P.C.
### ATTORNEYS AT LAW
123 MAIN STREET
WHITE PLAINS, NEW YORK 10601

TELEPHONE: (914) 428-1438
FACSIMILE: (914) 428-1413
E-MAIL: tmbona@bonapc.net

THOMAS M. BONA
ANTHONY M. NAPOLI
JAMES C. MILLER
STEPHANIE BELLANTONI
MICHAEL KESTENBAUM
ROBERT H. STEINDORF
KIMBERLY C. SHEEHAN
EZRA SIMON
ROBERT M. LEFLAND
DEBRA C. SALVI
JOSEPH F. DURSI, JR.
ELLIOT GAZTAMBIDE, JR.
JAMES E. ROMER
MICHAEL A. FLAKE

HUDSON VALLEY OFFICE

84 PLATTEKILL TURNPIKE
NEWBURGH, NEW YORK 12550
(845) 562-5910

LONG ISLAND OFFICE

PMB #4002
50 CHARLES LINDBERGH BLVD.
SUITE 400
UNIONDALE, NEW YORK 11553
(516) 227-1040

February 8, 2008

**By E-Filing & Regular Mail**

Honorable Stephen Robinson
United States District Court
300 Quarropas Street, Room 633
White Plains, New York 10601

Re:    Xand Corporation v. Strategic Energy, LLC
       Case Number: 7:08-cv-513
       Our File No. 1396-07 M20

Dear Judge Robinson:

This is in response to the objection by counsel for the plaintiff to the removal of this matter from the Supreme Court, Westchester County to this Court.

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and, since 1958, also of the state where it has its principal place of business. This statement of the law regarding corporations for diversity jurisdiction purposes emanates from Justice Ginsburg in <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303 at 307, 126 S.Ct. 941 at 945 (2006).

As Justice Ginsburg stated but one year earlier in <u>Lincoln Property v. Roche</u>, 546 U.S. 81, 126 S.Ct. 606 at 616 (2005):

> For cases of the kind (Xand has) instituted, Congress has provided simply and only this instruction: 'A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where has its principal place of business. The jurisdictional rule governing here is unambiguous and is not amenable to judicial enlargement.'

The defendant removing party, as stated in the notice of removal, is a Delaware corporation and maintains its principal place of business in Pittsburgh, PA. The parties

Honorable Stephen Robinson  February 8, 2008
United State District Court  Page 2

are diverse, notwithstanding the affidavit of the president of the plaintiff. Annexed is an affidavit from Carl W. Boyd, Manager of Regulatory Licensing and Compliance of Strategic identifying the corporate headquarters as located in Pittsburgh.

Mr. Weinstein no doubt overlooked the contract between the parties which is annexed to the complaint. Paragraph 14 of the contract directs that any notice or other document to be given or served "shall be delivered to the appropriate address specified below". Surely, if Strategic had its principal place of business in the City of New York, a New York City address would have been provided. Instead, any notice or other documents are to be delivered to Strategic Energy in Pittsburgh, PA.

The verified complaint, signed by Mr. Weinstein, alleges in ¶2 that Strategic is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with "its principal office in New York at 150 E. 52nd Street, New York, NY". While a corporation may have an office in many states, its "principal place of business" is very specific. In this case, the "principal place of business" is in Pittsburgh.

Mr. Weinstein contends that the defendant "maintains a principal place of business" in New York City. The "principal place of business" language is a term of art and one which has legal significance. Mr. Weinstein makes scant and passing references to the defendant having somehow held itself out as having a "principal place of business" in New York City. No support whatsoever is offered for his conclusion on what is, essentially, a question of law.

The reason that counsel for the plaintiff cites China Basin v. Allendale, 818 F. Supp. 1301 is not readily apparent. Certainly, the geographic location of the decision, coupled with its age, is perhaps indicative of the lack of applicability of China Basin to the case at bar. The case before that District Court apparently dealt with the "principal place of business" of an inactive corporation.

### Conclusion

Removal pursuant to 28 U.S.C. §1441(a) is appropriate. The amount in controversy, as set forth in the plaintiff's own complaint, exceeds $75,000. The parties are, by the admission contained within the complaint, citizens of separate states which satisfies the complete-diversity requirement. Jurisdiction is, thus, properly laid in this Court and the request to remand back to the state court should be denied.

Finally, there is a motion to dismiss already filed with this Court. Pursuant to the

Honorable Stephen Robinson  　　　　　　　　　　　　　　　　February 8, 2008
United State District Court  　　　　　　　　　　　　　　　　　　　　　Page 3

rules of this court I have contacted, both by telephone and e-mail, counsel for the plaintiff requesting that we agree upon a briefing schedule. The only response has been the letter application for a remand.

　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　THOMAS M. BONA, P.C.

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Thomas M. Bona

TMB:rtl
enclosure

cc:　　Arthur Morrison, Esq.
　　　　Attorney for Plaintiff
　　　　11 Skyline Drive
　　　　Hawthorne, New York 10532

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

XAND CORPORATION,

                Plaintiff,                AFFIDAVIT

    -against-

STRATEGIC ENERGY, LLC,

                Defendant.
------------------------------x

COMMONWEALTH OF PENNSYLVANIA    )
COUNTY OF ALLEGHENY                )

    Carl W. Boyd, being duly sworn, hereby deposes and says:

    1.    I am Manager of Regulatory Licensing and Compliance at Strategic Energy, LLC. ("Strategic").  This affidavit is submitted in support of the opposition to the application to remand this matter to the Supreme Court, Westchester County. It is based upon my personal knowledge of the facts contained herein.

    2.    Strategic is incorporated under the laws of the State of Delaware.

    3.    The principal place of business and corporate headquarters of Strategic is in Pittsburgh, Pennsylvania.

    4.    As the principal place of business of Strategic, the following activities, for example, take place:

- Executive meetings;

- The execution and ratification of contracts;

- Decisions regarding business operations within the scope established by law;

- Development of products and consultative services, human resource, and corporate service systems policies and procedures;

- Contractual, regulatory and employment issues are addressed.

5. There are branch offices in states where Strategic conducts some of its business. There is, indeed, an office in New York City. The purpose of that office is to facilitate the business purpose of Strategic. It provides us with the opportunity for local interaction between the representatives of the company, its customers and potential customers. To be sure, however, the employees of Strategic, and any independent contractors associated with Strategic take their direction, management and control from the corporate headquarters in Pittsburgh functioning as the principal place of business for Strategic.

Carl W. Boyd

Sworn to before me this
  day of February, 2008
Commonwealth of Pennsylvania
County of Allegheny } ss:

Kevin C. Macken
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kevin C. Macken, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Dec. 30, 2009
Member, Pennsylvania Association of Notaries

2