Arthur Morrison
Bar Code (AM5678)
Office and PO Address
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482
Attorney for Plaintiff
Xand Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

 XAND CORPORATION,                          Case# 08-Civ. 0513(SCR)

                      Plaintiff,            Judge Robinson

            -Against-                       Affidavit in Support

STRATEGIC ENERGY, LLC

                      Defendant.

------------------------------------------------------------x
State of New York      )
                       ) ss:
County of Westchester)

          Lee S. Weinstein, being duly sworn deposes and says:

1.      He is the President and CEO of plaintiff corporation fully familiar with the facts and

circumstances in controversy and makes this motion in support of the Application to Remand.

2.      At the time plaintiff deal with the defendant, it was informed that the price to be charged to

plaintiff would be NYISO "real time" LBMP plus a fixed profit margin for defendant.

3.      However, at the time the plaintiff entered into the Services Agreement defendant knew it did not

have a program to provide power at the NYISO "real time" LBMP within the State of New York..

4.      Plaintiff's complaint alleges the defendant materially misrepresented to plaintiff , the fact that it

serviced accounts in the New York Area with the NYISO real time" LBMP which representation was false when

1

made and known by the defendant to be **a1se** and intended when made to induce plaintiff to enter into a service contract,

5.      That the defendant promised plaintiff that billing would have 720 line items, each one representing one hour of the monthly rate, and be based upon 'NYISO "real time" LBMP.

6.      That the plaintiff received billings with a single line item amount, not the 720 line items, each one representing one hour of tie monthly rate as had been promised by the defendant to induce plaintiff to enter into the contract.

7.      That the plaintiff requested a correct bill, in conformity with the terms of the contract with back up documentation providing the 720 line items along with billing rate and power usage for the time period being billed.

8.      That after the passage of ten (10) months from commencement of the term of the contract, plaintiff's calculations established the fact that defendant's representations and warranties to induce plaintiff to enter in the contract in the first place were false when made, as defendant's bills were not less expensive than Con Edison but in fact, more expensive.

9.      That the plaintiff expended substantial time and resources to review such initial ten *(10)* months billing and subsequent nine (9) months billing and learned thereby that defendant had for each of those nineteen (19) months fabricated billing data, in order to make the amounts reconcile with its single line item monthly bill, resulting in substantial overpayments by the plaintiff over the contracted for rate agreed to in the  Services Agreement.

10.      That the plaintiff made good faith efforts, to resolve amicably the issue of the overpayments caused by fabricated billing data and to have the defendant recalculate the correct sum plaintiff would have owed had the defendant  correctly billed it in conformity with the terms of the contract,

11.      That the amount claimed to  be owed the defendant in accordance with express terms of  the parties' "Services Agreement" and/or "PSC Services Agreement", *is s*ubstantially less than the sum calculated by the

defendant and may be even less than the sum already paid the defendant by the plaintiff.

12.     The complaint details and documents the fact that the defendant's representations about the rate structure and related matters were known by the defendant to be false when made and were made with intent to deceive aid defraud the plaintiff and to induce it to enter into the Power Supply Coordination Services and Electricity Agreement" for its premises as described above. That the plaintiff, at the time the representations were made, did not know the truth and relied upon them and thereby induced to enter into the Services Agreement .

## DEFENDANT SEEKS TO EVADE LIABILITY BY CLAIMING SALEPERSONS WERE INDEPENDENT CONTRACTORS AND NOT IT'S EMPLOYEES

13.     The State court forum was chosen as Strategic had an office in Midtown Manhattan. It sent salesmen to our offices in Hawthorne after communicating with us from that location. Deponent's understanding at the time the agreement was negotiated and entered into was that such services agreement was generated by its employees working from that Manhattan location.

14.     Once we raised our objections to the billings, enumerated above, Strategic did not deny our defenses to payments but claimed the promises made to us about billing were made by non-employees, called by them to be "Independent Contractors" contending that Strategic was not liable for deliberate falsehoods and material misrepresentations of fact that led plaintiff to sign the contract in the first place. Deponent respectfully informs the court we have a meritorious complaint.

Sworn to before me this                          /s/ Lee S. Weinstein
10th day of July, 2008                              Lee S. Weinstein
/s/ Arthur Morrison
Arthur Morrison
Notary Public State of New York
#02MO5026699
Qualified in Westchester County
Commission Expires 10/11/2010

## EXHIBIT 'A'

Annexed to the Notice of Motion is the press release of Great Plains Energy, Inc. of Kansas City, Mo. for June 2, 2008 "Great Plains Energy Announces Completion of Strategy Energy Sale." Great Plains sold Strategic for 300 million in cash to Direct Energy Service LLC which is located in Toronto, Canada.



Media Contact: **Matt Tidwell**
**816-556-2069**

Investor Contact: **Ellen Fairchild**
**816-556-2083**

**FOR IMMEDIATE RELEASE**

## GREAT PLAINS ENERGY ANNOUNCES COMPLETION
## OF STRATEGIC ENERGY SALE

**Kansas City, Mo. (June 2, 2008)** — Great Plains Energy Incorporated (NYSE: GXP) today announced it has completed the sale of Strategic Energy, L.L.C. to Direct Energy Services, LLC ("Direct Energy"), a subsidiary of Centrica plc (LSE: CNA). Direct Energy acquired from Great Plains Energy all of the outstanding ownership interests in Strategic Energy, L.L.C. for $300 million in cash, subject to closing adjustments and the payment of certain pre-closing obligations to Strategic Energy employees. The sale was initially announced on April 2, 2008.

"We are very pleased that we were able to complete the sale of Strategic Energy within two months of public announcement," commented Great Plains Energy's Chairman and CEO Mike Chesser, "We now look forward to concentrating our focus on the Company's regulated business, including closing our acquisition of Aquila, which is awaiting regulatory approval in Missouri."

Proceeds from the sale of Strategic Energy will be used to offset some of Great Plains Energy's anticipated financing needs in 2008. Beginning in the second quarter Strategic Energy's results will be reported as discontinued operations in Great Plains Energy's financial statements.

### About Great Plains Energy

Great Plains Energy, headquartered in Kansas City, Mo., is the holding company for Kansas City Power & Light, a leading regulated provider of electricity in the Midwest. The company's Web site is *www.greatplainsenergy.com*.

### FORWARD LOOKING STATEMENTS:

Statements made in this release that are not based on historical facts are forward-looking, may involve risks and uncertainties, and are intended to be as of the date when

made. Forward-looking statements include, but are not limited to, statements regarding projected delivered volumes and margins, the outcome of regulatory proceedings, cost estimates of the Comprehensive Energy Plan and other matters affecting future operations. In connection with the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, the registrants are providing a number of important factors that could cause actual results to differ materially from the provided forward-looking information. These important factors include: future economic conditions in the regional, national and international markets, including but not limited to regional and national wholesale electricity markets; market perception of the energy industry, Great Plains Energy and KCP&L; changes in business strategy, operations or development plans; effects of current or proposed state and federal legislative and regulatory actions or developments, including, but not limited to, deregulation, re-regulation and restructuring of the electric utility industry; decisions of regulators regarding rates KCP&L can charge for electricity; adverse changes in applicable laws, regulations, rules, principles or practices governing tax, accounting and environmental matters including, but not limited to, air and water quality; financial market conditions and performance including, but not limited to, changes in interest rates and credit spreads and in availability and cost of capital and the effects on pension plan assets and costs; credit ratings; inflation rates; effectiveness of risk management policies and procedures and the ability of counterparties to satisfy their contractual commitments; impact of terrorist acts; increased competition including, but not limited to, retail choice in the electric utility industry and the entry of new competitors; ability to carry out marketing and sales plans; weather conditions including weather-related damage; cost, availability, quality and deliverability of fuel; ability to achieve generation planning goals and the occurrence and duration of planned and unplanned generation outages; delays in the anticipated in-service dates and cost increases of additional generating capacity and environmental projects; nuclear operations; ability to enter new markets successfully and capitalize on growth opportunities in non-regulated businesses and the effects of competition; workforce risks including retirement compensation and benefits costs; performance of projects undertaken by non-regulated businesses and the success of efforts to invest in and develop new opportunities; the ability to successfully complete merger, acquisition or divestiture plans (including the acquisition of Aquila, Inc., and Aquila's sale of assets to Black Hills Corporation); and other risks and uncertainties. Other risk factors are detailed from time to time in Great Plains Energy's most recent quarterly report on Form 10-Q or annual report on Form 10-K filed with the Securities and Exchange Commission. This list of factors is not all-inclusive because it is not possible to predict all factors.

Great Plains Energy – Main Page



## Sale of Strategic Energy

I GXP/ILA
Transaction  I About Great Plains Energy I Investor Relations I News  I Contact Us

**KS Rate Case**

**MO Rate Case**

Security Statement

## EXHIBIT 'B'

Annexed to the Notice of Motion is the press release Red Orbit of June 3 2008 "Great Plains Energy Sells Strategy Energy."



# Great Plains Energy Sells Strategic Energy

Great Plains Energy, a public utility holding company, has sold Strategic Energy to Direct Energy Services, a subsidiary of Centrica.

Direct Energy acquired from Great Plains Energy all of the outstanding ownership interests in Strategic Energy for $300 million in cash, subject to closing adjustments and the payment of certain pre-closing obligations to Strategic Energy employees.

Mike Chesser, chairman and CEO of Great Plains Energy, said: "We are very pleased that we were able to complete the sale of Strategic Energy within two months of public announcement. We now look forward to concentrating our focus on the company's regulated business, including closing our acquisition of Aquila, which is awaiting regulatory approval in Missouri."

Story from REDORBIT NEWS:
http://www.redorbit.com/news/display/?id=1414566

Published: 2008/06/03 09:01:22 CDT

© RedOrbit 2005

**EXHIBIT 'C'**

Annexed to the Notice of Motion is the press release Biz Journal of June 2 2008 "Great Plains Completes Sale of Strategy Energy."

Great Plains completes sale of Strategic Energy: bizjournals.com Busines...    Page 1 of 2

⊙ **For today's top Money**
**video click here**

**News Providers**

Associated Press

Barron's

bizjournals.com

Briefing.com

BusinessWeek

Business Wire

Forbes

MarketWatch

Market Wire

Motley Fool

MSNBC

PRNewswire

PrimeNewswire

Reuters

TheStreet.com

Wall Street Journal

**News by Topic**

Companies

Economy

Industry

Stock Market

**Commentary**

This Week

Index

**MSN Money Experts**

Jim Jubak

Jon Markman

Liz Pulliam Weston

MP Dunleavey

More Experts

Find news for: Nam

# Great Plains completes sale of Strategic Energy

June 2, 2008 12:07 PM ET

 All bizjournals.com news

advertisement



Great Plains Energy Inc. has closed on its sale of Strategic Energy LLC to Direct Energy Services LLC for $300 million in cash.

Kansas City-based Great Plains Energy (NYSE: GXP) said April 2 that it would sell Pittsburgh-based Strategic Energy to Toronto-based Direct Energy Services, a unit of United Kingdom-based Centrica Plc. Strategic Energy had 270 employees at the time.

Strategic Energy contributed $38.4 million, or 45 cents a share, in 2007 earnings for Great Plains Energy, and Strategic Energy had 2007 revenue of $1.97 billion, up 29 percent from 2006.

Great Plains Energy said in a release Monday that it will use proceeds from the sale to offset anticipated financing needs in 2008. Starting in the second quarter, Great Plains will report Strategic Energy's financial results as discontinued operations.

Great Plains Energy's $1.7 billion purchase of Kansas City-based Aquila Inc. (NYSE: ILA) is pending.

Great Plains Energy ranks No. 6 and Aquila No. 13 on the *Kansas City Business Journal*'s list of area public companies.

**Article tools**

 E-mail this article

Print-friendly version

Discuss this article

**Stocks mentioned in this article**

Centrica Ord Shs (CPYYF) Stock Quote, Ch to Watchlist

Great Plains Energy Ord Shs (GXP) Stock C News, Add to Watchlist

Aquila Inc (ILA) Stock Quote, Chart, News, Watchlist

**Recent investing news**

Analog Rising

On Tony Snow

Sparks Fly and Metal Melts as Harley-Davic Opens in Milwaukee

Judge won't dismiss other Adelphia charge

The Rosen Law Firm Reminds Investors of Deadline in Securities Class Action Against Brands, Inc. -- NEXC

**More from bizjournals.com**

Great Plains completes sale of Strategic Energy
Senate vote would allow Aquila to keep Cass County plant
Senate passes bill letting Aquila plant stand
Great Plains completes sale of Strategic Energy
Direct Energy buys TransGlobe assets
Direct Energy to buy Pittsburgh's Strategic Energy for $300M
Great Plains completes sale of Strategic Energy
Agency orders Union Pacific to repay KCP&L
Profit, revenue rise for Great Plains Energy

Great Plains completes sale of Strategic Energy: bizjournals.com Busines...    Page 2 of 2

Copyright 2008 bizjournals.com

Back to News Home

advertisement

Sponsored Links

**Alert Button for Seniors**
"As Seen on TV" Senior Help Button. AARP® Discount 30-Day Trial Period
www.lifestation.com

**Mortgage – Countrywide®**
Govt-insured mortgages up to $729K in select areas. Lower rate options
www.Countrywide.com

**Two Stocks to Buy Now**
Get David & Tom Gardner's 2 top-rated stocks free!
http://www.fool.com

**Fed Cuts Rates Again**
$180,000 Mortgage under $679/mo. See Rates - No Credit Check Required
www.MortgageRatesExperts.com

**MSN Money**
Search MSN Money | Message Boards | Site Status

**Data providers**
Copyright © 2008 Reuters. Click for Restrictions.
Quotes supplied by Interactive Data.

**EXHIBIT 'D'**

Annexed to the Notice of Motion is a current Rule 7.1 Statement executed by defendant's counsel on January 18, 2008.

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAND CORPORATION | |
| | Plaintiff, |
| –v– | |
| STRATEGIC ENERGY, LLC | |
| | Defendant. |

Case No. **08 CIV. 0513**

**Rule 7.1 Statement**

JUDGE ROBINSON

        Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the
Court to evaluate possible disqualification or recusal, the undersigned
counsel for *Strategic Energy* (a private non-governmental
party) certifies that the following are corporate parents, affiliates and/or
subsidiaries of said party, which are publicly held.

        Strategic Energy is a power marketer that is an indirect subsidiary of
Great Plains Energy Incorporated ("GPE"). GPE (NYSE: GXP),
headquartered in Kansas City, Mo., is the holding company for two business
units: Kansas City Power & Light, a regulated provider of electricity in the
Midwest; and Strategic Energy. GPE has issued securities to the public.
Except as stated herein, Strategic Energy has no other ultimate parent
corporation. No other publicly held company owns 10% or more of
Strategic Energy.

Date: 1/18/08

Signature of Attorney

Attorney Bar Code: 6058

## DECLARATION OF SERVICE

Arthur Morrison pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on July 11, 2008, I caused the annexed Notice of Motion to be served on:

Thomas M. Bona, P.C.
Attorney for Defendant
Office and P.O. Address
123 Main Street
White Plains, New York 10601
(T) 914-428-1438
(F) 914-428-1313

by depositing a true and correct copy thereof, properly enclosed in a postpaid express-mail wrapper, in a post office box regularly maintained by the United States Postal Service at Skyline Drive, Hawthorne, New York 10532, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Southern District's Rules On Electronic Service.

Dated: Hawthorne, New York         /s/    Arthur Morrison (Bar Code AM5678)

      July 11, 2008                          Arthur Morrison

Arthur Morrison
Bar Code (AM5678)
Office and PO Address
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482
Attorney for Plaintiff
Xand Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

XAND CORPORATION,                              Case# 08-Civ. 0513(SCR)

                         Plaintiff,                Judge Robinson

          -Against-                        Plaintiff's Memorandum in
                                           Support of Motion to Remand

STRATEGIC ENERGY, LLC

                         Defendant.

------------------------------------------------------------x
State of New York      )
                               ) ss:
County of Westchester)


          Xand Corporation ("Plaintiff")  by its attorney Arthur Morrison

("Morrison") respectfully submits this Memorandum in support ("The Support") of

the motion to remand ("the Motion").

**I.  Preliminary Statement**

          Plaintiff seeks to remand this case to state court because there is an absence of Federal

Subject Matter Jurisdiction.

          Defendant has removed to this Court a pending action in the Supreme Court,

Westchester County under 28 U.S.C. 1441(a).

          In its letter of February 8, 2008 to this Court, defendant relies upon the case of

<u>Wachovia Bank v. Schmidt</u>, 546 U.S.  303 at 307, 126 S.Ct. 941 at 945 (2005) asserting"… the statement of the law regarding corporations for diversity jurisdiction emanates from Justice Ginsberg" referencing this cited case.

  Such February 8, 2008 letter ("Letter") also cites for the court an earlier case written for the majority by Justice Ginsberg, <u>Lincoln Properties v. Roche,</u> 546 U.S. 81, 126 S.Ct. 606.

  At the time of the commencement of this suit and concurrent Notice of Removal it contained a supporting affidavit by Carl W. Boyd sworn February ___, 2008  ("Boyd Affidavit" and/or "Affidavit Supporting Removal") wherein defendant asserted among other things that the defendant Strategic Energy LLC's ("Strategic's") " …employees and any independent contractors associated with Strategic take their direction, management and control from corporate headquarters in Pittsburgh functioning as the principal place of business for Strategic."

  A material change in circumstance has occurred from the facts presented in the supporting  affidavit by Carl W. Boyd sworn February ___, 2008  concerning employees and any independent contractors associated with Strategic taking their direction, management and control from corporate headquarters in Pittsburgh functioning as the principal place of business for Strategic." because  on April 2, 2008 Great Plains Energy, Inc. ((NYSE:GXP)  which owned Strategic  ("Great Plains") sold Strategic for 300 million in cash  to Direct Energy Service LLC ("Direct Energy") located in Toronto, Canada.

  Direct Energy is a subsidiary of Centrica PLC (LSE: CAN), located in the United Kingdom and said to be one of the word's largest integrated energy companies.

**ARGUMENT**

**(A)Sale of Strategic in April 2, 2008 Nullifies Strategic's February, 2008 Removal Application, by failing to satisfy the complete diversity requirements.**

Annexed as Exhibit "A" to the Notice of Motion is the press release of Great Plains Energy, Inc. of Kansas City, Mo. for June 2, 2008 "Great Plains Energy Announces Completion of Strategy Energy Sale." It is clear that Great Plains sold Strategic for 300 million in cash to Direct Energy Service LLC which is located in Toronto, Canada.

Direct Energy it itself a subsidiary of Centrica PLC located in the United Kingdom.

Exhibits "B" and "C" to the Notice of Motion,  annexed to the Notice of Motion verify both the sale by Great Plains Energy of Strategy Energy dating back to April 2, 2008 and the fact Direct Energy Service LLC is located in Toronto, Canada while Direct's parent,  Centrica PLC (LSE: CAN), is located in the United Kingdom

The instant Application by Strategic for Removal, relying upon a factual record of February, 2008, respectfully submitted is a nullity in July, 2008 by failing to satisfy the complete diversity requirements.

**(B)  Diversity for Federal Jurisdictional Purposes is determined by Statute, 28 U.S.C. 1332 (c)(i)**

Plaintiff respectfully submits that diversity for Federal Jurisdictional Purposes is determined by Statute, 28 U.S.C. 1332(c) (i) which provides that a corporation is "a citizen of any state by which it has been incorporated and of the state where it has its principal place of business"

The Wachovia Bank v. Schmidt, 546 U.S.  303 at 307, 126 S.Ct. 941 at 945 (2005) case supra, cited by defendant in its February 8, 2008 letter is inapposite as it involved a federally chartered bank, not a stock or business corporation chartered by a State. Before the Court was a federally chartered bank, not a state chartered corporation. The holding in Schmidt, supra is that

a National Bank is held to be a citizen of a state where its main office is located not every state

where a bank has an office.

The <u>Lincoln Properties v. Roche,</u> 546 U.S. 81, 126 S.Ct. 606 case, also cited by

defendant in its February 8, 2008 letter  is likewise inapposite to create diversity, based upon the

original February 2008 set of facts presented in defendant's  Notice of Removal.

The <u>Lincoln Properties v. Roche </u> case, supra<u>,</u> was accepted by the Court for certiorari to

resolve a division among the circuits over the question whether an entity not named or jointed as

a defendant can be deemed a real party in interest whose presence will destroy diversity. 546

U.S. 81 at 88.

Continuing at 546 U.S. 81 at 91, the issue in the case whether the named diverse

corporate defendant accepted full liability for an eventual adverse judgment or whether a non

diverse subsidiary need not be joined as a defendant, although arguably it has liability with its

parent.

As diversity is governed by statute, 28 U.S.C. 1332(c)(i) which provides that a

corporation is "a citizen of any state by which it has been incorporated and of the state where it

has its principal place of business", plaintiff respectfully submits that both cases cited above, by

the defendant in its February 2, 2008 latter, one involving a federally regulated bank and a

second dealing with a non diverse subsidiary have totally no relevance to the facts at Bar.

**(C) New Owner and Subsidiary have to be added as Necessary Parties as the Real Parties
in Interest, to wit: Direct Energy Service LLC  located in Toronto, Canada and its parent,
Centrica PLC (LSE: CAN), located in the United Kingdom**

Based upon the material change in circumstances from the facts stated in the February,

2008 Removal application, namely the $300 Million Dollar sale of Strategic on April 2, 2008,

documented by Exhibits "A", "B" & "C" annexed to this Motion, Strategic is not the true party

interest in this litigation and its being a citizen of Pittsburgh is no longer relevant or material.

What is relevant or material is the fact that Direct Energy Service LLC which  is located in Toronto, Canada and  Direct's parent,  Centrica PLC (LSE: CAN), located in the United Kingdom must be added to this case as necessary parties before the action can proceed.

Significantly involved, is the issue of standing of Strategic to pursue this claim before Judge Robinson in July, 2008, if in fact, from Exhibits "A", "B" and "C", its parent sold the assets of Strategic for $300 million dollars back in April 2, 2008.

 It is respectfully submitted that this Court as a threshold matter, has an independent obligation to ensure that standing exists; see N.Y. Public Interest Research Grp. V. Whitman, 321 F.3rd 316, 324-325 (2 a current Rule 7.1 Statement executed by defendant's counsel$^{nd}$ Cir. 2003: Northeastern Fla. Chapter of the Assoc General Contractors of Am. V. City of Jacksonville, 508 U,.S. 656, 663-664 (1993) "in essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. " Warth v. Seldin, 422 U.S. 490, 498, (1975)

## Conclusion

Citizenship for diversity purposes is determined by statute, 28 U.S.C. 1332(c)(i) which provides that a corporation is "a citizen of any state by which it has been incorporated and of the state where it has its principal place of business".

Before the Court can reach the issue of the applicability of the Strategic Citizenship for diversity purposes as determined by statute, 28 U.S.C. 1332(c) (i), Strategic in July, 2008 must make out a prima facie showing to ensure that Strategic has Standing.

Plaintiff respectfully submits, that the Removal Application cannot proceed, in the absence of (i) Direct Energy Service LLC located in Toronto, Canada and (ii) Direct's parent,

Centrica PLC (LSE: CAN), located in the United Kingdom being added to this case as necessary

parties before the Court can proceed and (iii) a current Rule 7.1 Statement executed by

defendant's counsel  to replace the one filed on January 18, 2008 (Exhibit "D" annexed); plus

(iv) (a) a written  representation to Judge Robinson that Strategic remains a real party in interest

notwithstanding the asset sale of April 2, 2008 or (b)  must be substituted out of the case based

upon the actions of its parent, Great Plains Energy, Inc. of Kansas City, Mo. in selling the assets

of Strategic for 300 Million Dollars in April, 2008.

                                                                    RESPECTFULLY SUBMITTED,

Dated: Hawthorne, New York         /s/    Arthur Morrison (Bar Code AM5678)
       July 10, 2008


                                               Arthur Morrison
                                               Attorney for Plaintiff
                                                   Office and PO Address
                                                   11 Skyline Drive
                                               Hawthorne, New York 10532
                                                 (T) 914-592-8282
                                               (F) 914-592-3482

## <u>DECLARATION OF SERVICE</u>

**Arthur Morrison pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follo**ws:

That on July 11, 2008, I caused the annexed Notice of Motion to be served on:

Thomas M. Bona, P.C.
Attorney for Defendant
Office and P.O.Address
123 Main Street
White Plains, New York 10601
(T) 914-428-1438
(F) 914-428-1313

by depositing a true and correct copy thereof, properly enclosed in a postpaid express-mail

wrapper, in a post office box regularly maintained by the United States Postal Service at Skyline

Drive, Hawthorne, New York 10532, directed to said person(s) at the address within the

State designated by them for that purpose and/or in accordance with the Southern District's

Rules On Electronic Service.

Dated: Hawthorne, New York          /s/    Arthur Morrison (Bar Code AM5678)

      July 11, 2008                              Arthur Morrison