UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

XAND CORPORATION,                                   **AFFIDAVIT IN OPPOSITION**
                                                    **TO MOTION TO REMAND**
            Plaintiff,

  -against-                                       Docket No: 08 CIV. 0513

STRATEGIC ENERGY, LLC,                              Assigned Judge:
                                                    Hon. Stephen C. Robinson

            Defendant.
------------------------------------------------------------x

STATE OF NEW YORK    )
COUNTY OF WESTCHESTER  )   s.s.:

    Robert M. Lefland, being duly sworn, says:

    1. I am an attorney duly admitted to practice law in the Courts of the State of New York and I am associated with the law firm of THOMAS M. BONA, P.C., attorneys for the defendant, and as such I am personally familiar with the facts and circumstances set forth below. This affidavit is submitted in opposition to the motion of the plaintiff to remand.

    2. When last these parties were before this Court, federal civil procedure regarding removal and remand was explained, in a fashion, to counsel for the plaintiff. He was informed that his prior letter request, which appeared to be for remand, was at best inappropriate. This Court then provided counsel with the opportunity to make a motion on papers. Instead of a cogent presentation of facts and law arguably sufficient to support the motion, this Court is treated to a witches brew of random statements as well as erroneous and irrelevant principles of law, none of which, even when combined, provides coherent support for the motion.

    3. Within but a few pages, plaintiff has managed to co-mingle and at the same time

mangle and misconstrue the first-year law school principles of diversity, standing, subject matter jurisdiction and removal. For example, counsel alleges that the "application by Strategic for removal fail(s) to satisfy the complete diversity requirements." Where to begin?

    4. Perhaps any further consideration of the non-issues raised by the plaintiff can be nipped in the bud. The plaintiff has failed to respond to the motion to dismiss. This Court should grant that motion on default. Granting the dismissal perforce obviates further consideration of the cross-motion. Should this court feel the slightest need to confirm that it has proper jurisdiction, and surely it does, to so rule, this is addressed below.

    5. Plaintiff's counsel is claiming that there has been "a material change in circumstances" adversely affecting diversity. According to the on-line research graciously provided by counsel for the plaintiff, he has - - surely without realizing it - - supplied information sufficient to defeat any claim of a lack of diversity. Strategic was sold to Great Plains Energy which, according to the Great Plains Energy press release, is headquartered in Kansas City, Missouri. Great Plains Energy then sold Strategic to Direct Energy Services which is "a unit of United Kingdom-based Centrica Plc." These new entities are as diverse as diverse can be from the plaintiff.

    6. In the context of his diversity argument, counsel for the plaintiff asserts that the cases of <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303 (2006) and <u>Lincoln Properties v. Roche</u>, 546 U.S. 81 (2005), "have totally no relevance to the facts at bar." The defendant will take its chances and rely upon the language from Justice Ginsburg in <u>Wachovia</u>. She wrote:

> For purposes of diversity, a corporation surely is not deemed a citizen of every State in which is maintains a business

> establishment. (See <u>Pennsylvania R. Co. v. St. Louis, A. & T.H.R. Co.</u>, 118 U.S. 290, 295-296, 6 S. Ct. 1094, 30 L. Ed. 83 (1886). Rather, under 28 U.S.C. §1332(c)(1), a corporation is "deemed to be a citizen" only of "the State by which it has been incorporated" and "of the State where it has its principal place of business."

<u>Wachovia</u>, 546 U.S. at 317.

7. Justice Ginsburg, addressing diversity insofar as a corporation is concerned, also wrote:

> Similarly, a corporation's citizenship derives, for diversity jurisdiction purposes, from its state of incorporation and principal place of business. §1332(c)(1). It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.

<u>Wachovia</u>, 546 U.S. at 318.

8. While that case does, in fact, involve a national bank, Justice Ginsburg made no distinction. Her language is clearly applicable (as is the statute) to state-created corporations. To hold otherwise would be to argue against precedent which emanates from at least 1886. These two United States Supreme Court cases are thus not only relevant to the case at bar but dispositive on the issue of the citizenship of a corporation for diversity purposes.

9. Presented with equal confusion "is the issue of standing of Strategic to pursue this claim before Judge Robinson . . ." (p. 5 of the memorandum of law). One of the conclusions offered by plaintiff's counsel is that "before this Court can reach the issue of the applicability of the Strategic Citizenship for diversity purposes as determined by statute, 28 U.S.C.1332(c)(I), Strategic in July, 2008 must make out a *prima facie* showing to ensure that Strategic has Standing." Accepting this contention, it is respectfully submitted that Strategic

3

cannot make out a *prima facie* showing sufficient to demonstrate that it has standing to be a party in this lawsuit. Absent a showing that standing exists, and at the invitation of the plaintiff, the Court should dismiss; such dismissal should be with prejudice.

10. Moreover, a remand would be inappropriate for if this Court concludes that there is no standing on the part of the defendant for the case to proceed in this venue, there would certainly be no standing in state court. As should be obvious, Strategic is pursuing no claim. Indeed, Strategic will accept the invitation from plaintiff's counsel that Strategic be let out of the case. Strategic, he claims, "is not the true party interest [sic] in this litigation and its being a citizen of Pittsburgh is no longer relevant or material." The plaintiff, as master of his complaint, is entitled to pick and choose his parties. Plaintiff, apparently, has chosen to discontinue his case against Strategic for Strategics lack of standing.

11. Plaintiff claims that he will be looking to add new parties; fine with Strategic. Putting aside the fact that "foreign" corporations cannot be added to this suit unless they are amenable to jurisdiction pursuant to the laws of the State of New York, (<u>Arrowsmith v. United Press International</u>, 320 F.2d 219 (2d Circuit, 1963)), as the defendant, according to the plaintiff, has no standing, the complaint should be dismissed.

12. In further support of the motion to remand, plaintiff claims that this Court does not have federal subject matter jurisdiction. Surely this contention is the very definition of specious. While only passing reference is made to 28 U.S.C. §1332, one is left to wonder whether counsel is attempting simply to confuse this Court about so simple an issue. Subject matter jurisdiction is conferred upon this Court when the amount in controversy exceeds the

sum of $75,000 and is between citizens of different states. As was demonstrated in the removal petition, the amount in controversy (drawn from the plaintiff's own complaint) exceeds $75,000 and there was, and is, complete diversity as demonstrated in the Rule 7.1 statement and now in the Internet material provided by the plaintiff. So much for the lack of subject matter jurisdiction.

13. The affidavit of Lee S. Weinstein, the president and CEO of the plaintiff corporation is a curious and at the same time irrelevant piece of writing. The reason it has been attached to the motion to remand is nowhere made clear. Noticeable only by it's absence is any connection between the merits of the case, such as they are, and the relief sought in the remand motion. Perhaps when the action is started against a company that the plaintiff contends has "standing," the affidavit could be utilized either by Mr. Weinstein or, perhaps, against him.

14. Two procedural points. First, the "declaration of service" recites that counsel for the plaintiff himself deposited "a true and correct copy [of the Notice of Motion], properly enclosed in a postpaid *express-mail wrapper*," in a post office box on July 11, 2008 [emphasis added]. Suffice it to say that it was never received by this office.

15. Second, while the plaintiff styles his application as a motion, it is in fact a cross-motion. The main motion, which is *sub judice,* is by the defendant to dismiss.

16. The plaintiff, as master of its complaint, should have the complaint dismissed as, by the very arguments offered by the plaintiff, the defendant does not have standing. Of course, this falls under the heading of one should be careful of what one wishes for.

17. The plaintiff's memorandum of law, convoluted in the extreme, brings to mind a legal truism: "[w]hen the facts are against you, argue the law. When the law is against you, argue the facts. When both are against you, pound the table." The cross-motion is nothing if not "table-pounding" and done poorly at that.

_____
Robert M. Lefland (RML5058)

Sworn to before me this
8th day of August, 2008.

_____

BINH CAM NGHE
Notary Public, State of New York
No. 01NG6048200
Qualified in Westchester County
Commission Expires September 18, 2010

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x

| | |
|---|---|
| XAND CORPORATION, | **CERTIFICATE OF SERVICE** |
| Plaintiff, | |
| -against- | Docket No: 08 CIV. 0513 |
| STRATEGIC ENERGY, LLC, | Assigned Judge:<br>Hon. Stephen C. Robinson |
| Defendant. | |

---------------------------------- x

 Binh C. Nghe, being duly sworn, says: I am not a party to the action, I am over 18 years of age and reside at Valhalla, New York. On August 8, 2008, I electronically filed the Affidavit in Opposition to Motion to Remand, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

 ARTHUR MORRISON, ESQ.
 Attorneys for Plaintiff
 11 Skyline Drive
 Hawthorne, New York 10532

 And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

 None

Sworn to before me this
8th day of August, 2008.

_____
         Binh C. Nghe

   CELINA COGHEN
 Notary Public, State of New York
   No. 01CO6134053
 Qualified in Westchester County
 Commission Expires September 26, 20 09