Arthur Morrison
Bar Code (AM5678)
Office and PO Address
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482
Attorney for Plaintiff
Xand Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| XAND CORPORATION, | Case# 08-Civ. 0513(SCR) |
| Plaintiff, | Judge Robinson |
| -Against- | Plaintiff's Reply in Support of Motion to Remand |
| STRATEGIC ENERGY, LLC | |
| Defendant. | |

-----------------------------------------------------------x

State of New York    )
                         ) ss:
County of Westchester)

Xand Corporation ("Plaintiff") by its attorney Arthur Morrison ("Morrison") respectfully submits this Reply Declaration in further support ("Reply") of the motion to remand ("the Motion").

I. **Preliminary Statement**

Plaintiff seeks to remand this case to state court because there is an absence of Federal Subject Matter Jurisdiction.

Defendant has removed to this Court a pending action in the Supreme Court, Westchester County under 28 U.S.C. 1441(a).

**Change of Circumstances Mandates Rule 17 of the Federal Rules**

Rule 17(1) of the Federal Rules provides that " An action must be prosecuted in the name of the real party in interest."

Plaintiff has provided overwhelming documentary evidence that Strategic is not the real party in interest in this case after April 2, 2008 negating its Removal Application of February 2008, filed with the Clerk of this Court two months earlier.

In its Motion to Remand, plaintiff provided documentary evidence mooting the Defendant's Notice of Removal and its supporting affidavit by Carl W. Boyd sworn February ___, 2008 ("Boyd Affidavit" and/or "Affidavit Supporting Removal").

Mr. Boyd's affidavit asserted that the defendant Strategic Energy LLC's ("Strategic's") " ...employees and any independent contractors associated with Strategic take their direction, management and control from corporate headquarters in Pittsburgh functioning as the principal place of business for Strategic."(Emphasis supplied)

A material change in circumstance did occur on April 2, 2008 when Great Plains Energy, Inc. ((NYSE:GXP) ("Great Plains") which had owned Strategic, sold Strategic for 300 Million Dollars to Direct Energy Service LLC ("Direct Energy") located in Toronto, Canada. (Emphasis supplied)

Direct Energy is a subsidiary of Centrica PLC (LSE: CAN), (Centrica) PLC located in the United Kingdom and said to be one of the word's largest integrated energy companies. (Emphasis supplied)

**ARGUMENT:**
**(1) Rule 17 (3) Need for Joinder of the Real Party in Interest.**

2

> "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

Strategic's Opposition to the plaintiff's motion to remand does not address Rule 17(1) of the Federal Rules provides that " An action must be prosecuted in the name of the real party in interest." or Rule 17(3) of the Federal Rules involving the issue of joinder of the real party in interest, raised by Plaintiff in its Motion in Chief, because in order to establish diversity the Court must have before it the true parties in a case, and further if not named originally, then Rule 17(3) of the Federal Rules provides that there must be a reasonable process to join, ratify or substitute them into the action.

Firstly, the documentary evidence provided the Court in the motion in chief, is not disputed by Strategic counsel's opposition to remand, namely the sale of Strategic in April 2, 2008 by Great Plains Energy for 300 Million Dollars to Centrica PLC located in the UK to be operated by Centrica PLC's subsidiary, to Direct Energy Service LLC which is located in Toronto, Canada or further, such sale in April, 2008 totally nullifies Strategic's February, 2008 Removal Application, by failing to satisfy the complete diversity requirements determined by Statute, 28 U.S.C. 1332 (c)(i). Declarant's moving papers detail this issue, including a Memorandum and the arguments need not be repeated hereat.

As no challenge is made by Strategic's counsel to Exhibits "A","B" and "C" annexed to the Notice of Motion to remand, the documentary evidence of the sale of Strategic on April 2, 2008, Strategic's headquarters in Pittsburgh, Pa is no longer relevant

3

as an exclusive standard for diversity requirements as determined by Statute, 28 U.S.C. 1332 (c)(i).

Plaintiff's declaration and Memorandum, heretofore filed with the Court respectfully submits that diversity for Federal Jurisdictional Purposes is determined by Statute, 28 U.S.C. 1332(c) (i) which provides that a corporation is "a citizen of any state by which it has been incorporated and of the state where it has its principal place of business"

If in fact Great Plains Energy, Inc. which previously owned Strategic sold Strategic on April 2, 2008 for 300 Million Dollars to Direct Energy Service LLC located in Toronto, Canada, Direct Energy being a subsidiary of Centrica PLC located in the United Kingdom, then this new April 2, 2008 dynamic as to the "real parties in interest" impacts immediately Rule 17(1) of the Federal Rules which provides that " An action must be prosecuted in the name of the real party in interest." in this case and thereby irrevocably cancels the factual basis for diversity asserted by Strategic's original February 2008 set of facts presented in its Notice of Removal to Judge Robinson.

At this point in time, August, 2008 Rule 17(3) of the Federal Rules must be taken into consideration by Justice Robinson as by statute, there must be a reasonable process to join, ratify or substitute the real parties in interest into the action, namely

(i) Direct Energy Service LLC located in Toronto, Canada, (Direct Energy being a subsidiary of Centrica PLC) and

(ii) Centric PLC itself located in the United Kingdom.

As diversity is governed by statute, 28 U.S.C. 1332(c)(i) which provides that a corporation is "a citizen of any state by which it has been incorporated and of the state

4

where it has its principal place of business both Direct Energy Service LLC located in Toronto, Canada and its parent, Centrica PLC located in the United Kingdom the real parties in interest must be joined as the real parties in interest and then diversity determined.

### (2) Strategic Being Sold has no Further Standing in this Case

Plaintiff's motion in chief provided the case law that Strategic lacked standing after April 2, 2008, once Strategic was sold for 300 Million Dollars and replaced by both Direct Energy Service LLC located in Toronto, Canada and its parent, Centrica PLC located in the United Kingdom; once sold Strategic was bound by Rule 17(1) of the Federal Rules which provides that " An action must be prosecuted in the name of the real party in interest." Not being the real party in interest after April 2, 2008, Strategic was no longer entitled to have the Court decide the merits of the dispute or of the particular issues.

Strategic's Opposition did not provide any case law authority to challenge this postulate and it is respectfully submitted, it lacks standing to continue as a party in this case after April 2, 2008.

### Conclusion

Citizenship for diversity purposes is determined by statute, 28 U.S.C. 1332(c)(i) which provides that a corporation is "a citizen of any state by which it has been incorporated and of the state where it has its principal place of business".

Before the Court can reach the issue of the applicability of Strategic's Citizenship for diversity purposes as determined by statute, 28 U.S.C. 1332(c)(i), Strategic in August, 2008 must make out a prima facie showing to ensure that it has Standing to met the

challenge presented by Rule 17(1) of the Federal Rules which provides that " An action must be prosecuted in the name of the real party in interest."

Additionally, Strategic's Opposition to the plaintiff's motion to remand does not address Rule 17(3) of the Federal Rules, where by statute, there must be a reasonable process to join, ratify or substitute the real parties in interest into the action, namely (i) Direct Energy Service LLC located in Toronto, Canada, (Direct Energy being a subsidiary of Centrica PLC) and (ii) Centric PLC itself located in the United Kingdom

In order to establish diversity, and pass upon the merits of the motion to remand the Court must have before it the true parties in a case, and further if not named originally, then Rule 17(3) of the Federal Rules provides that there must be a reasonable process to join, ratify or substitute them into the action. That process has not yet occurred.

Plaintiff respectfully submits, that the Removal Application cannot proceed, in the absence of (i) Direct Energy Service LLC located in Toronto, Canada and (ii) Direct's parent, Centrica PLC located in the United Kingdom.

Plaintiff also respectfully submits that Strategic's counsel must provide a current Rule 7.1 Statement executed by defendant's counsel to replace the one filed on January 18, 2008. The April 2, 2008 sale mandates the need for such Rule 7.1 Statement Amendment

Plaintiff also respectfully submits that Strategic's counsel must provide a representation to the Court if Strategic transferred customer files after April 2, 2008 based upon the actions of its parent, Great Plains Energy, Inc. of Kansas City, Mo. in selling the assets of Strategic for 300 Million Dollars in April 2008.

                    RESPECTFULLY SUBMITTED,

Dated: Hawthorne, New York    /s/    Arthur Morrison
       August 15, 2008

Arthur Morrison
Attorney for Plaintiff
Office and PO Address
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482

Case 7:08-cv-00513-SCR    Document 8    Filed 08/18/2008    Page 7 of 7